PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2004 Mitsubishi Endeavor struck a hole while she was traveling on County Route 51/1 in Gerrardstown, Berkeley County. County Route 51/1 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:30 p.m. on February 13, 2005, a clear and dry day. County Route 51/1 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving on County Route 51/1 when she saw the hole. She stated that she was not sure if she had seen the hole on previous occasions. Ms. Masters was unable to avoid the hole because of a vehicle traveling towards her vehicle and she could not stop in time to avoid it. Claimant’s vehicle struck the hole sustaining damage to the right front tire. Ms. Masters stated that the hole was four to six inches deep. Claimant’s vehicle sustained damage totaling $ 101.67.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 51/1 at the site of the claimant’s accident for the date in question.
Mark Baker, an assistant supervisor for the respondent in Berkeley County, testified that he had no knowledge of any holes on County Route 51/1 in Gerrardstown for the date in question. Mr. Baker stated that the road had a lot of residential traffic along with a lot of tractor-trailers. He stated that it looked like water had seeped under the road at the area of claimant’s incident. Mr. Baker testified that when this happened the road could deteriorate quickly with trucks frequently traveling over the road. Respondent maintains that it had no actual or constructive notice of any holes on County Route 51/1.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the heavy amount of traffic on the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $ 101.67.
Award of $101.67.